**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

KEITH ILLIG                                                                                                    PLAINTIFF

v.                                          Case No. 4:09CV00143 JLH

UNITED STATES ARMY CORPS OF ENGINEERS,
LITTLE ROCK DISTRICT                                                                              DEFENDANT

**OPINION AND ORDER**

Keith Illig brings this action against the United States Army Corps of Engineers seeking a temporary restraining order and a permanent injunction to prevent the Corps from removing or altering a dock that Illig had built adjacent to his property on Beaver Lake in Arkansas. The Corps has filed a motion to dismiss for lack of subject matter jurisdiction and, in the alternative, to prohibit *de novo* review. For the following reasons, the Corps's motion to dismiss for lack of subject matter jurisdiction is granted.

**I.**

The United States Army Corps of Engineers exercises control over Beaver Lake and regulates private boat docks there pursuant to 16 U.S.C. § 460d and 36 C.F.R., Part 37. In November 2005, the Corps approved plans for a private boat dock to be built adjacent to property now owned by Illig. After some time, Illig built a dock.

On February 10, 2009, the Corps district commander, Col. Donald Lee Jackson, Jr., sent a letter to Illig informing him that his boat dock plans were not in compliance with Beaver Lake standards, that Illig would have to make modifications, and that if modifications were not made the Corps would have to remove his dock. Illig filed this lawsuit seeking to prevent the Corps from removing his dock. Illig contends that he has built his dock pursuant to the plans approved in

November 2005. Illig states that removing the substructure and the roof as requested by the Corps would make the dock less structurally sound and would contrast with the standards and priorities of the Corps's own regulations. Illig says that the Corps's decision is arbitrary and capricious, beyond statutory authority, an abuse of discretion, and not in compliance with the law.

## II.

In its motion to dismiss, the Corps argues that this Court lacks subject matter jurisdiction over Illig's claim for judicial review under the Administrative Procedure Act (APA). The APA "is not an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Preferred Risk Mutual Ins. Co. v. United States*, 86 F.3d 789, 792 n.2 (8th Cir. 1996); *see also Califano v. Sanders*, 430 U.S. 99, 107, 97 S. Ct. 980, 985, 51 L .Ed. 2d 192 (1977). The United States may not be sued without its consent. *Preferred Risk Mutual Ins. Co.*, 86 F.3d at 792 (citing *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 141, 92 S. Ct. 1456, 1466, 31 L. Ed. 2d 741 (1972)). Five U.S.C. § 702 provides a waiver of sovereign immunity where (1) the person claiming a right to review identifies some agency action and (2) the party seeking review shows that he has suffered a legal wrong or been adversely affected by that action within the meaning of a relevant statute. *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882–83, 110 S. Ct. 3177, 3185–86, 111 L. Ed. 2d 695 (1990)). The language of the APA makes clear that "there is no right to sue for a violation of the APA in the absence of a 'relevant statute' whose violation 'forms the basis for [the] complaint.'" *Id.* (quoting *El Rescate Legal Serv. v. Executive Office of Immigration Review*, 959 F.2d 742, 753 (9th Cir. 1991)). Thus, Illig must identify a substantive statute or regulation that the Corps has transgressed *and* establish that the statute or regulation applies to the United States. *Id.*

The APA's provisions for judicial review do not apply when an agency action is committed to agency discretion by law. 5 U.S.C. § 701(a)(2). This exception is a "very narrow exception" that "is applicable in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Tamenut v. Mukasey*, 521 F.3d 1000, 1003 (8th Cir. 2008) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410, 91 S. Ct. 814, 28, L. Ed. 2d 136 (1971)). Judicial review is not to be had where "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Id.* (quoting *Heckler v. Chaney*, 470 U.S. 821, 830, 105 S. Ct. 1649, 84 L. Ed. 2d 714 (1985)). The test is not whether a statute lacks applicable law, but whether there is no law to be applied in a given case. *Strickland v. Morton*, 519 F.2d 467, 470 (9th Cir. 1975).

The Corps argues that there are no criteria in 16 U.S.C. § 460d or 36 C.F.R. § 327 that provide meaningful standards against which to measure the Corps's decisions regarding whether to approve changes to Illig's approved plans or whether Illig's dock is in conformity with the approved plans. The Corps says that the criteria upon which the Corps bases such decisions is found in the Shoreline Management Plan that is specific to Beaver Lake. Therefore, the Corps argues, dock plan approval and regulation is a matter committed solely to agency discretion under § 701(a)(2).

Illig argues that the Corps failed to show that Congress intended to preclude judicial review under 16 U.S.C. § 460d. However, whether Congress intended by statute to preclude judicial review of an agency decision applies to § 701(a)(1), not § 701(a)(2), which is the "narrow exception" in which the Court lacks jurisdiction because the agency action is committed to agency discretion by law. *See Heckler v. Chaney*, 470 U.S. 821, 830, 105 S. Ct. 1649, 1655, 84 L. Ed. 2d 714 (1985). Illig also argues that the Corps failed to follow its own regulations insofar as the Shoreline

Management Plan is unclear or not in accordance with the Corps's regulations.  Illig says that the additional substructure and roof line make his dock more structurally sound, and that removing the substructure and roof line would make the dock more unsound and more prone to the adverse effects of the environment.  Although the additional substructure and roof line were not a part of the originally approved plans, Illig argues that the Corps often allows modification from approved plans, and thus the Corps should allow for Illig's modifications even though they are not in conformity with the approved plans.  Illig also argues that the initially approved dock plans did not designate dimensions for the size of the storage cabinets, meaning that the Corps cannot now say that the cabinets' size is not in conformity with the approved plans.  Thus, Illig concludes, the Corps's actions are subject to judicial review.

Where an agency declines to undertake a requested enforcement action, that decision is generally committed to the agency's absolute discretion.  *Chaney*, 470 U.S. at 831, 105 S. Ct. at 1655–56; *see also Gardner v. U.S. Army Corps of Engineers*, 504 F. Supp. 2d 396, 400 (E.D. Ark. 2007) ("[W]hen the action's nature is not affirmative action, and when it applies only to a single party, generally it is within the agency's discretion and is not reviewable."); *Raymond Proffitt Foundation v. U.S. Army Corps of Engineers*, 175 F. Supp. 2d 755, 763–64 (E.D. Pa. 2001).  In *Gardner v. U.S. Army Corps of Engineers*, the plaintiffs filed suit against the Corps after it refused to issue them a permit to build a private boat dock.  *Gardner*, 504 F. Supp. 2d at 400–01.  The district court held that because refusal to issue a permit is not an affirmative action, and because the refusal affects only one party rather than an entire class, the Corps's "decision to deny a dock permit is an action that is committed to an agency's discretion by law."  *Id.* at 401.

The district court in *Gardner* also noted that "there are no legal standards to apply in this case." *Id.* The regulations at issue in *Gardner* are the same regulations at issue in this case: the Shoreline Management on Civil Works Projects found at 36 C.F.R. § 327.30. The court stated:

> The Corps is not required to give every private citizen a dock permit, but, it is charged with managing the shore to prevent floods, safety hazards, and environmental damage. . . . When it comes to authorizing the use of the shoreline by private parties, the Corps is given discretion, and this is shown by the consistent use of the word "may," in the applicable regulation. . . . Because this particular situation does not include issues of public access, public safety, flood control, or environmental management, there are no guidelines to apply. The Corps, as owner and manager of the shoreline, has absolute discretion to permit private use. Again, this matter is not subject to judicial review.

*Id.* at 401–02.

In this case, the Corps approved an initial set of plans for Illig's dock. Illig then made additional modifications to the substructure and the roof line—increasing both in size—without Corps permission and in contradiction to the approved plans. Illig now argues essentially that the Corps should grant him permission, or a waiver from the approved plans, for the additional substructure and roof line that he has already constructed. As stated by the court in *Gardner*, the Corps is not required to give every private citizen a dock permit, nor is it required to grant waivers to dock builders who stray from the approved plans. The Court has reviewed the correspondence between Illig and various representatives of the Corps. It is evident to the Court that the Corps has consistently informed Illig that the additions to the dock's substructure and roof line are not in conformity with the approved plans and should be removed. It is also evident to the Court that, by Illig's own admission, Illig knew that the substructure and roof line additions did not conform with the approved plans. That Illig believes the additions to be beneficial for the dock's structural integrity is irrelevant. What is relevant is whether the additions were a part of the initially approved

plans, and it is clear that they were not. The Court cannot review the Corps's decision not to allow the additions because there are no legal standards for the Court to apply. The Corps's refusal to grant a waiver to allow Illig to deviate from the approved plans constitutes a refusal to act that is not subject to judicial review.

Illig also argues that the Corps failed to follow its own regulations insofar as it now objects to the size of Illig's cabinets. Illig says that his original intention was to build cabinets that extended three feet from the walkway. The Corps argues that a three-foot extension of the cabinets is not in conformity with the approved plans. However, Illig says that the initially approved plans were ambiguous with respect to the size of the cabinets, as the approved plans do not provide dimensions for cabinet extensions. Instead, the approved plans merely list the word "cabinets" with an arrow pointing to a line presumably showing where the cabinets will be located. Illig argues that because the plans do not provide dimensions for the distance between the walkway and the edge of the cabinets, the approved plans are ambiguous as to the distance that the cabinets can extend beyond the walkway. Therefore, Illig concludes, the Corps has failed to follow its own regulations and the dock plans as approved.

The Court has reviewed the originally approved plans. It is true that the plans do not provide dimensions measuring the distance that the cabinets will extend beyond the walkway. However, it is also true that, based on the measurements of other distances in the plans, the distance between the lines for the edge of the walkway and the edge of the cabinet cannot possibly be read as approving a three-foot extension from the walkway. The line for the cabinets runs parallel to two lines depicting the width of the walkway. The plans indicate that the distance between the walkway lines is six feet. The distance between the cabinet line and the edge of the walkway is clearly less than

half of—and approximately one quarter of—the width of the walkway. Thus, the Corps's interpretation that the approved plans indicate that the cabinets will extend one and one-half feet from the edge of the walkway is correct. Illig's argument that the plans are ambiguous and could be read to indicate that the cabinets could extend three feet is unconvincing. The plans include measurements for all distances other than the cabinet extensions, providing accurate comparisons for measuring the approved distance for the cabinet extensions. Under Illig's argument, because the plans did not provide a measurement for the cabinet extensions, the cabinets could conceivably extend thirty feet, or three hundred feet, beyond the walkway. Such an interpretation of the approved plans is simply not reasonable.

As explained above, the Court has no jurisdiction to review Corps decisions regarding whether and when to grant permits and waivers to private dock owners. Although Illig attempts to avoid this conclusion by arguing that the Corps has failed to follow its own regulations and the plans it approved for the cabinets, he has identified no regulation that has not been followed, and it is obvious from reviewing the plans that Illig, not the Corps, is misinterpreting them. What Illig really wants is a waiver from or a modification to the approved plans, which is a request the Court has no jurisdiction to grant. Therefore, because there are no legal standards for the Court to apply in this particular case, the Corps's decisions regarding the distance of the cabinet extensions is also not subject to judicial review.

## CONCLUSION

The Corps's decisions in this particular case are not subject to judicial review, and the Court has no subject matter jurisdiction over this dispute. Therefore, the United States Army Corps of

Engineers' motion to dismiss is GRANTED. Document #5. Illig's motion for a temporary restraining order is DENIED as moot. Document #16.

    IT IS SO ORDERED this 3rd day of June, 2009.

                                        */s/ J. Leon Holmes*
                                        J. LEON HOLMES
                                        UNITED STATES DISTRICT JUDGE